IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALLAELDIN DAWELBAIT ABDELRAHIM,<br><br>                      Plaintiff,<br><br>v.<br><br>CATHERINE CONKLIN, SUZAN STEVER, PATY DIXON, COURT SECURITY SHERIFF, and ERNIE JONES,<br><br>                      Defendants. | **MEMORANDUM DECISION AND REPORT AND RECOMMENDATION TO GRANT MOTION TO DISMISS**<br><br>Case No. 1:11-CV-00069 CW<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge David Nuffer |

District Judge Clark Waddoups referred this case to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) calling for a report and recommendation for the proper resolution of dispositive matters.[1] The *Younger* abstention doctrine prevents this court from exercising jurisdiction in this matter. Even if this court could exercise jurisdiction, each of the defendants is either entitled to immunity or not subject to suit for the claims asserted in this case. The Magistrate Judge therefore recommends the case be dismissed with prejudice.

## BACKGROUND

Pro se Plaintiff Allaeldin D. Abdelrahim ("Abdelrahim") brought this action alleging various civil rights violations in connection with his ongoing divorce proceeding in the Second Judicial District of Utah.[2] Mr. Abdelrahim alleges that the judge (Judge Jones), commissioner (Commissioner Conklin), court clerks (Susan Stever and Patty Dixon), and court security staff (Weber County Sheriff's Office), each at various times, violated his constitutional rights and that

---

[1] Order Referring Case, docket no. 6, filed July 3, 2011.

[2] *Abdelrahim v. Abdelrahim*, Case No.104902378 (Second Dist. Court, Weber Cnty., Utah, filed Dec. 16, 2010),

he is entitled to relief under 42 U.S.C. § 1983. All defendants in this case have moved to dismiss Abdelrahim's complaint in its entirety.

## ANALYSIS

### I. *Younger* Abstention Doctrine Prohibits this Court from Exercising Jurisdiction in this Case.

The *Younger* abstention doctrine bars federal courts from intervening in ongoing state court proceedings as a matter of "comity, that is, a proper respect for state functions."[3] Although federal courts have subject matter jurisdiction over civil rights claims like those asserted in this case, *Younger* prevents federal courts from exercising jurisdiction when three conditions are met: "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies."[4] Here there is an ongoing state civil proceeding; the state court does provide an adequate forum for hearing his grievances about issues in that proceeding; and "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."[5] As such, the *Younger* abstention doctrine prohibits this court from exercising jurisdiction over the claims asserted in this case and the claims should be dismissed.

---

[3] *Younger v. Harris*, 401 U.S. 37, 44 (1971) (internal quotation marks omitted).

[4] *Amanatullah v. Colorado Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (citation and internal quotation marks omitted).

[5] *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (citing *In re Burrus*, 136 U.S. 586, 593-94 (1890)).

## II. Each of the Defendants is Either Immune from Liability or Not Subject to Suit Under Section 1983

Even if this court could exercise jurisdiction over the claims asserted in this case, each named defendant is either immune from liability or not subject to suit under § 1983.

Judge Jones, Commissioner Conklin, Suzan Stever, and Patty Dixon are each entitled to absolute judicial immunity from all claims asserted against them in this case. It is well-settled that judges are afforded absolute immunity "from liability for damages for acts committed within their judicial jurisdiction,"[6] including suits brought under 42 U.S.C. § 1983.[7] Furthermore, "judicial immunity is an immunity from suit, not just from ultimate assessment of damages."[8] Judicial immunity may also be extended to non-judicial figures, including court clerks where their acts are "judicial acts . . . having an integral relationship with the judicial process."[9] There are only two exceptions to judicial immunity, (1) "a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity," and (2) "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction."[10] Each of plaintiff's allegations against these four defendants relates to conduct

---

[6] *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (citing *Bradley v. Fisher*, 13 Wall. 335 (1872)). "This immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Id.* (citation and internal quotation marks omitted).

[7] *See Mireles v. Waco*, 502 U.S. 9, 9-11 (1991); *Pierson*, 386 U.S. at 548, 553-54. While at one time injunctive or prospective relief was an exception to judicial immunity, *see Pulliam v. Allen*, 466 U.S. 522, 536-37 (1984), Congress amended § 1983 in 1996 to include "except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." PUB.L. 104-317, Title III, § 309(c), 110 Stat. 3853, Oct. 19, 1996.

[8] *Mireles*, 502 U.S. at 11 (citation omitted).

[9] *Wymore v. Green*, 245 Fed. Appx. 780, 783 (10th Cir. 2007) (citing *Coleman v. Farnsworth*, 90 Fed. Appx. 313, 317 (10th Cir. 2004) (setting forth the rationale for granting court clerks immunity as "[t]o hold otherwise would have a chilling effect on the judicial duties and actions of the clerk, who would be readily subject to suit in the course of performing his or her duties")); *see Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436 (1993).

[10] *Mireles*, 502 U.S. at 11-12 (citations omitted).

that occurred during the course of an ongoing divorce proceeding, all of the conduct was judicial in nature or had an integral relationship to the judicial process (e.g., issuing an order, issuing an arrest warrant, denying a motion, scheduling hearings), and the state court is properly exercising jurisdiction over a divorce proceeding.[11] Accordingly, the claims against Judge Jones, Commissioner Conklin, Susan Stever, and Patty Dixon should be dismissed with prejudice, as they are each entitled to absolute judicial immunity for their alleged conduct.

The remaining defendant is the Weber County Sheriff's Office (WCSO). The WCSO is not an entity subject to suit under § 1983.

> In order to be sued under § 1983, an entity must be a "person" as that term has been defined by the courts. "[B]odies politic and corporate," including municipalities and local government, are "among those person to whom § 1983 applies." But "[s]heriff's departments . . . are not usually considered legal entities subject to suit."[12]

The capacity to sue or be sued for parties other than individuals or corporations is governed "by the law of the state where the court is located."[13] While Utah Code Ann. § 17-50-302(2)(a) "expressly provides that a county may sue or be sued, . . . there is no statutory or case authority supporting direct action against a county's subdivisions, such as its sheriff's departments."[14] The WCSO is not an entity subject to suit under § 1983, and any claims against it should be dismissed with prejudice.

In sum, even if this court were able to exercise jurisdiction over the claims asserted in this case, each of the defendants is either entitled to absolute immunity or is not subject to suit under § 1983, therefore all of the claims should be dismissed with prejudice.

---

[11] *See Ankenbrandt*, 504 U.S. at 703.

[12] *McKell v. Utah*, No. 2:10-cv-1011-TC, 2011 U.S. Dist. LEXIS 40898, at *5-6 (D. Utah Apr. 14, 2011) (citations omitted).

[13] Fed. R. Civ. P. 17(b)(3).

[14] *McKell*, 2011 U.S. Dist. LEXIS 40898, at *6 (citing *White v. Utah*, 5 Fed. Appx. 852, 853 (10th Cir. 2001)).

4

## RECOMMENDATION

The Magistrate Judge recommends that this case be dismissed with prejudice.

## NOTICE TO THE PARTIES

Copies of this Report and Recommendation are being mailed to the parties, who are hereby notified that they have fourteen days after being served to serve and file written objections to this Report and Recommendation.[15] The District Judge will make a *de novo* determination of the specific objections by the parties. The District Judge may accept, reject, or modify this Report and Recommendation in whole or in part. Further, the District Judge may also receive additional evidence on the matter or recommit the matter to the Magistrate Judge with instructions.

Dated this 29th day of November, 2011.

BY THE COURT

_____
Magistrate Judge David Nuffer

---

[15] 28 U.S.C. § 636(b)(1)(C) (2010).